UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KENNETH CORNEL LEE,

Plaintiff,

v.

THE STATE OF MINNESOTA
and DAVID CRIST,

Defendants.

Civil File No. 01-853 (ADM/JGL)

ORDER

---

Plaintiff, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but instead filed a motion requesting leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

MAY 22 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are <u>not</u> excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that

Plaintiff's average monthly deposit during the preceding month was $119.87 and his average monthly balance during the same period was also $119.87.[1] Because the average monthly deposit and the average monthly balance are the same amount, Plaintiff's initial partial filing fee will be twenty percent (20%) of that amount -- i.e., $23.97, ($119.87 x 20% = $23.97). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted.[2] Only if Plaintiff's pleading survives such screening will

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action, it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined on the basis of the limited financial information provided by his IFP application.

[2] Although Plaintiff's pleading in this case has not yet been thoroughly examined, a cursory inspection of the file suggests that this action probably will not survive the initial screening process. The caption of the complaint indicates that this action is brought under 28 U.S.C. § 1983, which presumably means that Plaintiff is seeking relief for some alleged violation of his federal constitutional rights. However, the complaint itself makes no

the Court grant IFP status and order that summonses be issued and the Defendants be served by the U.S. Marshal. If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed.R.Civ.P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $23.97, failing which it will be recommended that the action be dismissed without prejudice.

Dated: May 22, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

mention of the Constitution, and no constitutional violation is readily inferable from the facts alleged in the complaint. More significantly, it appears that Plaintiff's claims will be barred by Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a prisoner from bringing a § 1983 civil rights action if a judgment in his favor would "call into question the lawfulness of [his] conviction or confinement." Id. at 483. Furthermore, Plaintiff's claims against Defendant David Crist do not appear to be viable, because the complaint does not explain how Crist could be held legally responsible for Plaintiff's allegedly erroneous confinement. His claims against the State of Minnesota appear to be barred by the doctrine of sovereign immunity. If Plaintiff is attempting to hold Defendants vicariously liable for some alleged wrongdoing by their employees or subordinates, his claims will fail because the doctrine of respondeat superior does not apply in § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

In light of the serious flaws in his complaint, Plaintiff should carefully consider the wisdom of committing himself to spending $150 (from his apparently limited resources) to pursue this action. If he perseveres, he may very well find himself still making installment payments toward the filing fee long after his complaint has been dismissed.