UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENNETH CORNEL LEE,

Plaintiff,

v.

THE STATE OF MINNESOTA
and DAVID CRIST,

Defendants.

Civil File No. 01-853 (ADM/JGL)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action on May 16, 2001, by filing a complaint and an application seeking leave to proceed in forma pauperis, ("IFP"). However, Plaintiff's complaint and IFP application were not accompanied by the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's prior order of May 22, 2001. (Docket No. 3.) The order informed Plaintiff that his case could not go forward until he paid his initial partial filing fee, and that the case would be dismissed if he did not pay the required fee, ($23.97), within 20 days.

Plaintiff recently responded to the order directing him to pay his initial partial filing fee, by filing a submission, (Docket No. 4), which the Court construes to be (i) a request for additional time to pay the required fee, and (ii) a motion to amend his complaint. The case is now before the Court for consideration of those two matters.

A. Request For Additional Time To Pay Filing Fee

Plaintiff has indicated that he is not presently able to pay his initial partial filing fee of $23.97. He represents, however, that "if giving [sic] an extension in time I'm

FILED JUN 1 8 2001
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

sure I'll be more able to pay." Plaintiff has not indicated how much additional time he might need to pay his initial partial filing fee.

The Court will extend Plaintiff's deadline for paying his initial partial filing fee to August 15, 2001. If he has not paid his initial partial filing fee of $23.97 by that date, it will be recommended that this action be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b). <u>No further extensions of the fee payment deadline will be granted</u>.

B. <u>Motion To Amend Complaint</u>

Plaintiff's motion seeking leave to amend his complaint must be denied, because it does not comply with Local Rule ("LR") 15.1. That Rule requires, <u>inter alia</u>, that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, <u>reproduce the entire pleading as amended</u>, and may not incorporate any prior pleading by reference." (Emphasis added.) The anomalous document attached to Plaintiff's motion to amend, (oddly entitled "order"), merely suggests that Plaintiff wants to add some new defendants to his lawsuit. That document certainly cannot be viewed as an "entire pleading." Because Plaintiff has not "reproduce[d] the entire pleading as amended," as required by LR 15.1, his motion to amend will be denied.

The Court notes, however, that Plaintiff is still entitled to file one amended complaint in this action, as a matter of course, pursuant to Fed. R. Civ. P. 15(a). If Plaintiff still wishes to file an amended complaint, he may simply do so, without seeking any further leave of court.

If Plaintiff chooses to file an amended complaint, however, he must comply with the Local Rules. This means that <u>he must file an entirely new pleading</u>. He cannot

simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint.

If Plaintiff chooses to file an amended complaint, he must also comply with LR 9.3, which requires prisoners to submit their civil rights claims on the complaint form prescribed for use in this District. Copies of the prescribed form are available from the Clerk's office. The form includes instructions that should be carefully followed. In addition, Plaintiff will have to follow the general pleading rules set forth at Fed. R. Civ. P. 8-11. This means, inter alia, that he must state his claims simply and concisely. Fed. R. Civ. P. 8(e)(1). He must adequately identify the factual and legal grounds for his claims against each of the individual defendants. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). And he must set forth each factual allegation in a separately numbered paragraph. See Fed. R. Civ. P. 10(b). Any amended pleading that Plaintiff may submit must be clearly labeled "Amended Complaint," and again, Plaintiff must recognize that any such amended pleading will wholly supercede, and effectively nullify, his original complaint.

If Plaintiff has not filed an amended complaint by August 15, 2001, the Court will assume that he does not intend to file one, and the action will proceed accordingly. If he has by then paid his initial partial filing fee, (as discussed above), his pleading, (either his original complaint, or the Amended Complaint if he has filed one), will be "screened"

pursuant to 28 U.S.C. § 1915A to determine whether he has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.[1]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for an extension of the deadline for paying his initial partial filing fee, (Docket No. 4) is GRANTED;

2. On or before August 15, 2001, Plaintiff shall pay his initial partial filing fee of not less than $23.97, failing which it will be recommended that the action be dismissed without prejudice;

3. Plaintiff's motion seeking leave to amend his complaint, (Docket No. 4), is DENIED; but Plaintiff may still amend his complaint once, without seeking leave of Court, pursuant to Fed. R. Civ. P. 15(a);

4. If Plaintiff chooses to file an amended complaint, he must do so by no later than August, 15, 2001, and he must ensure that any Amended Complaint satisfies the

---

[1] Plaintiff is reminded that his current complaint appears to suffer from several fatal defects. (See Order dated May 22, 2001, [Docket No. 3], p. 3, fn. 2.) He is further reminded that if he pays his initial partial filing fee, and attempts to prosecute his original complaint, it is very likely that this action will quickly be dismissed, and that he will be making installment payments toward his $150 filing fee (pursuant to 28 U.S.C. § 1915(b)(2)) for a long time thereafter.

requirements of this order, and all applicable Federal and Local Rules.

Dated: June 18, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge