UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KENNETH CORNEL LEE,

Plaintiff,

v.

THE STATE OF MINNESOTA, and DAVID CRIST,

Defendants.

Civil No. 01-853 (ADM/JGL)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on May 16, 2001, by filing a pleading entitled "Complaint For Violation of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) He did not pay the filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

When Plaintiff commenced this action, he was incarcerated in the Minnesota Correctional Facility at Stillwater, Minnesota. Because of his status as a prisoner-litigant,

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(see 28 U.S.C. § 1915(h)), Plaintiff's IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $23.97. However, Plaintiff did not tender any fee payment with his complaint and IFP application. Therefore, by order dated May 22, 2001, (Docket No. 3), Plaintiff was required to pay his initial partial filing fee of $23.97 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

On June 11, 2001, Plaintiff filed a handwritten document, (Docket No. 4), which the Court construed to be (i) a request for additional time to pay his initial partial filing fee, and (ii) a motion to amend his complaint. The request for additional time was granted, and Plaintiff was given until August 15, 2001, to pay his initial partial filing fee. Plaintiff was reminded that if he did not pay his initial partial filing fee by the new deadline, it would be recommended that this action be dismissed without prejudice. (Order dated June 18, 2001; [Docket No. 5].)[1]

The extended deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he

---

[1] Plaintiff's motion to amend was denied, but he was advised that he could still file an amended complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a). (Order dated June 18, 2001.) To date, no Amended Complaint has been submitted.

offered any explanation for his failure to pay. The only communication that has been received from Plaintiff since the Court's last order is a motion for appointment of counsel. (Docket No. 6.) That motion makes no mention of the initial partial filing fee requirement.

The Court's last order clearly warned Plaintiff that his action would be subject to dismissal if he did not pay his initial partial filing fee within the time allowed. Because Plaintiff has failed to comply with that order, it is now recommended that he be deemed to have abandoned this action, and that his case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). It is further recommended that the action be dismissed without prejudice, so that the dismissal will not, by itself, bar Plaintiff from attempting to prosecute his current claims in a new action filed sometime in the future.[2]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 6), be **DENIED**;

---

[2] Given the Court's recommendation that this action should be dismissed for failure to prosecute, it will also be recommended that Plaintiff's motion for appointment of counsel be denied.

2. Plaintiff's motion for appointment of counsel, (Docket No. 6), be **DENIED**;

and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 22, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Sept 10, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.